**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

MUMIN ISRAFIL,

    Plaintiff,

v.

BARBARA WOODS, et al.,

    Defendant.

Case No. 1:09-cv-468

Spiegel, J.
Bowman, M.J.

**REPORT AND RECOMMENDATION**

Plaintiff initiated this litigation on July 20, 2009 while incarcerated at the Warren Correctional Institution (WCI) in Lebanon, Ohio.[1]  Plaintiff alleges that numerous defendants have exhibited deliberate indifference to his serious medical needs, in violation of the Eighth Amendment to the United States Constitution.  Pursuant to local practice, four dispositive motions have been referred to the undersigned magistrate judge for initial review and a report and recommendation.  *See* 28 U.S.C. §636(b).

**I. Background**

The background of this litigation was previously summarized in a September 9, 2010 Report and Recommendation (R&R) filed by then-presiding Magistrate Judge Hogan, and is repeated herein for the convenience of this court.

> Plaintiff initially filed this action pro se against WCI Chief Medical Officer Barbara Woods alleging deliberate indifference to his serious medical needs in violation of the Eight Amendment.  (Doc. 1).  Plaintiff's original complaint

---

[1] The record reflects that Plaintiff is currently incarcerated at the Ross Correctional Institution in Chillicothe, Ohio.

alleged that as a result of injuries he suffered after being struck from behind by a golf cart being driven by a WCI employee, he suffers from a back condition which causes him severe pain and renders him unable to walk. His original complaint alleged that defendant Woods denied his requests for a walking cane, bottom bunk restriction, and stronger pain medications to treat his injuries. He also alleged that defendant Woods refused to administer pain medication in the dosage and with the frequency previously prescribed by specialists at the Ohio State University Hospital and the Corrections Medical Center after he was diagnosed with herniated lumbar discs. *Id*.

In view of the serious nature of plaintiff's allegations, the Court requested the assistance of the attorneys from the Ohio Justice and Policy Center to represent plaintiff in this case. (Doc. 32). Counsel agreed to the appointment and filed an amended complaint and motion for temporary restraining order/preliminary injunction on plaintiff's behalf. (Docs. 42, 43).

A hearing on the motion was scheduled for June 28, 2010. In the meantime, counsel for plaintiff and defendants attempted to resolve the medical issues raised by the motion for temporary restraining order/preliminary injunction without Court intervention. This included an agreement to have plaintiff undergo an independent medical examination by Dr. Carole Miller, M.D., a neurosurgeon at the Ohio State University Medical Center, to determine the status of plaintiff's medical condition and recommendations for treatment. The undersigned traveled to the Warren Correctional Institution on June 10, 2010 to have a face-to-face meeting with Mr. Israfil and help facilitate communication between Mr. Israfil, all counsel, and the Court in an effort to reach a speedy resolution of the medical issues raised by plaintiff's motion.

Thereafter, the parties agreed to stay the hearing on the motion pending the independent medical examination by Dr. Miller. (Doc. 57). The parties were ordered to advise the Court whether a hearing on the motion would be necessary following the examination by Dr. Miller. *Id*.

On July 29, 2010, Mr. Israfil underwent an examination by Dr. Miller at the Outpatient Clinic at the Ohio State University Hospital.

On August 18, 2010, Mr. Israfil filed a pro se motion for removal of his appointed attorneys based on fundamental disagreements about the course of representation in his case. He also moved for the appointment of successor counsel. (Doc. 63). Following a telephone conference with the Court at which pro se plaintiff Mumin Israfil, his counsel, and counsel for defendants were present, the Court granted Mr. Israfil's motion for removal of appointed attorney. (Doc. 66). However, the Court denied Mr. Israfil's request for successor counsel because it was apparent to the undersigned from Mr. Israfil's court filings and letters, as well as the Court's face-to-face

> meeting with Mr. Israfil, that he believes his approach to this litigation is the best one and that appointment of successor counsel would be futile. *Id*.

(Doc. 81 at 2-3).

In a July 29, 2010 report completed following her examination of Plaintiff and review of his previous medical records, Dr. Miller opined that she could not "state with reasonable medical certainty...whether or not [Mr. Israfil] has a significant neurologic abnormality which may be producing the inability to walk and the complaints he has." While she "suspect[ed] there may be a significant functional aspect," Dr. Miller also opined that "there may be a psychiatric component here and ...this may be a type of hysterical conversion reaction or malingering." Due to her inability to state whether or not Plaintiff has "an anatomic or objective substrate to account for his inability to walk," she recommended follow-up testing, including a cervical MRI with and without contrast, both lower and upper extremity EMG and nerve conduction velocities, and neuropsychiatric testing. (Doc. 81 at 11). Although Defendants paid for Dr. Miller's original examination of Plaintiff in an effort to resolve this litigation, and further agreed to facilitate the additional testing she proposed, Plaintiff declined to participate in any further medical evaluations or tests. (Doc. 81 at 12).

Ultimately, after a hearing held on September 7, 2010, Judge Hogan recommended that Plaintiff's motion for TRO/preliminary injunction be denied, based upon Plaintiff's failure to meet his burden to show a likelihood of success on the merits of his Eighth Amendment claim. (*Id*. at 18).

In addition to the non-dispositive motions addressed by separate Memorandum Order filed herewith, currently pending are: 1) Defendant Jackson's partial Motion for Judgment on the Pleadings (Doc. 76); 2) Plaintiff's Motion for Default Judgment against

3

James Coulter, Tony Sexton (Doc. 90); 3) Plaintiff's Motion to Join Michael Sheets and J. Dehart as Defendants (Doc. 92); and 4) Plaintiff's motion for Rule 11 sanctions (Doc. 122).

## II. Analysis of Pending Dispositive Motions

### A. Defendant Jackson's Partial Motion for Judgment on the Pleadings

At the time suit was filed, Defendant Jackson was the Warden of the Warren Correctional Institution. In that capacity, she has moved to dismiss the portion of the case previously styled as *Israfil v. Jackson*, Case No. 1:10-cv-28.[2] Jackson argues that Plaintiff's complaint fails to state a claim pursuant to Rule 12(b)(6), because Plaintiff fails to allege that Defendant Jackson had any personal responsibility for any alleged deprivation of Plaintiff's civil rights. On August 31, 2010, the court granted Defendants' motion to consolidate Case No. 1:10-cv-28 with Case No. 1:09-cv-468, on the basis that the two cases involved common questions of law and fact, with all subsequent pleadings to be filed in Case No. 1:09-cv-468. (Case No. 1:10-cv-28, Doc. 18 at 2-3).

The portion of the complaint that originated with Case No. 1:10-cv-28, like the original and amended complaints in 1:09-cv-468, alleges an Eighth Amendment violation. However, the claims against Defendant Jackson appear limited to Plaintiff's concerns that he will be subjected to excessive force in the event that he is transferred to the Southern Ohio Correctional Facility (SOCF).

Defendant Jackson is entitled to dismissal of all claims against her in both her individual and official capacities, whether as originally brought in 1:10-cv-28 or as presently

---

[2] The court takes judicial notice of the fact that Plaintiff Israfil has filed two additional complaints besides 1:10-cv-28, both of which also closely relate to the instant litigation, but which recently have been dismissed by the judges to which they were assigned. *See e.g., Israfil v. Doe*, Case No. 1:10-cv-92-SSB and *Israfil v. Parks*, Case No. 2:10-cv-132.

4

consolidated in the above-captioned case. Close examination of Plaintiff's complaint fails to reveal any specific allegations against Jackson that would amount to a present violation of Plaintiff's constitutional rights. Plaintiff's claim concerning the potential for excessive force if he is transferred to a new institution is too conclusory and speculative to state a violation of his constitutional rights.

To the extent that Plaintiff's claim rests on allegations that his confinement in segregation violates his rights, Plaintiff also fails to state a claim. "In general, an inmate does not have a liberty interest in a particular security classification or in freedom from administrative segregation." *Morales v. White*, 2008 WL 4585340 at *12 (W.D. Tenn., Oct. 10, 2008)(*collecting cases, citations omitted).*

In opposition to Defendant's motion for partial judgment, Plaintiff argues that Defendant Jackson "in her supervisory role as warden at Warren Correctional Institution" failed to adequately respond to Plaintiff's grievances. (*See generally* Doc. 109). Plaintiff seeks a "stay" of proceedings on Defendant Jackson's motion until Plaintiff obtains additional discovery concerning Defendant Jackson's processing of his grievances. He charges Jackson with "reckless disregard, failure to act, and indirect involvement" that led to "an unreasonable risk of serious harm to my future physical health," with respect to any future physical movement of Plaintiff to and from his cell. (Doc. 109 at 2-3).

Plaintiff's arguments are unpersuasive. A prison official cannot be held liable under §1983 for a "supervisory role." *Copeland v. Machulis*, 57 F.3d 476, 481 (6th Cir. 1995)(per curiam). "There must be a showing that the supervisor encouraged the specific incident of misconduct or in some other way directly participated in it. At a minimum, a §1983

5

plaintiff must show that a supervisory official at least implicitly authorized, approved or knowingly acquiesced in the unconstitutional conduct of the offending subordinate." *Bellamy v. Bradley,* 729 F.2d 416, 421 (6th Cir. 1984)(citing *Hays v. Jefferson County, Ky.,* 668 F.2d 869 (1982)). No stay is necessary, because it is clear that Plaintiff cannot state a claim against Defendant Jackson. Allegations regarding her "indirect involvement" with respect to Plaintiff's "future physical health" will not suffice, both because a claim concerning the possibility of excessive force being used in the future is overly speculative and does not give rise to an Eighth Amendment claim, and because such "indirect" involvement in a "supervisory role" is never sufficient to state a claim against a supervisory official under §1983.

Last but not least, any allegations against Defendant Jackson clearly concern conduct within her discretionary functions as a prison official. Because none of the allegations against Jackson constitute a violation of a "clearly established statutory or constitutional rights of which a reasonable person would have known," Defendant Jackson is entitled to qualified immunity.

### B. Plaintiff's Motion for Default Judgment against James Coulter, Tony Sexton

Plaintiff's motion for default judgment against Defendants Coulter and Sexton is based upon those Defendants' failure to timely answer Plaintiff's complaint. In light of the court's grant (by separate order) of Defendants' motion to file their answer *instantur*, and for the additional reason that entry of default judgment is improper under Rule 55(b) absent initial entry of default under Rule 55(a), Plaintiff's motion should be denied.

### C. Plaintiff's Motion to Join Michael Sheets and J. Dehart as Defendants

Plaintiff's motion to join Michael Sheets and Jody DeHart as additional Defendants should be denied. Michael Sheets is the current Warden of Warren Correctional Institution and Jody DeHart is the current deputy warden. Warden Sheets, to the extent that the Warden of WCI has been sued in his or her official capacity, has already been substituted for the former Warden Jackson in her official capacity under Rule 25(d). Thus, as to Warden Sheets, Plaintiff's motion is moot.[3]

Additionally, Plaintiff's proposed amendment contains no factual allegations or specific claims against either of the two newly identified defendants. Therefore, the amendment to join the additional defendants would not survive a motion to dismiss for failure to state a claim under Rule 12(b)(6). *See Thiokol Corp. v. Dept. of Treasury, State of Mich., Rev. Div.,* 987 F.2d 376, 383 (6th Cir. 1993). Because the addition of new defendants would serve no purpose and would unnecessarily delay resolution of the underlying claims, Plaintiff's proposed amendment should be denied.

**D.  Plaintiff's motion for Rule 11 sanctions**

Plaintiff complains that a copy of Dr. Miller's IME report was sent to Defendant James Coulter without Plaintiff's consent, despite defense counsel "falsely stating that Plaintiff gave consent to release said IME report." (Doc. 122 at 2). Plaintiff alleges that a non-party (defense counsel) wrongfully obtained the report and filed it of record attached to a declaration on September 2, 2010. (*Id.*). Plaintiff argues that defense counsel should be sanctioned under Rule 11 for "mak[ing] it appear that said report was not a litigation document, i.e., expert testimony" when in fact it was used as expert testimony in

---

[3] By virtue of this R&R, I have recommended the dismissal of the Defendant Warden (regardless of his or her name) based upon Plaintiff's failure to state a claim against the Warden.

7

Defendants' favor in opposing Plaintiff's motion for a TRO.  (*Id.*).  Plaintiff contends that counsel has operated in bad faith by misrepresenting the IME report "as being the product of a court ordered Rule 35 examination," when in fact he intended to use the report against the Plaintiff. (*Id*. at 4).

Plaintiff misconceives the nature of Rule 11, Rule 35, and expert testimony.  Defense counsel's conduct is not sanctionable.  Dr. Miller conducted an "independent medical examination" of Plaintiff by the agreement of both parties, a fact acknowledged by the court. (Doc. 81 at 2).  Although Defendant made no formal motion under Rule 35, Fed. R. Civ. P.,  it is clear from the record that the examination agreed to by counsel was akin to a Rule 35 examination and was approved of by the court.  At the parties' joint request, the court stayed the scheduled hearing on Plaintiff's motion for a TRO/preliminary injunction pending completion of Dr. Miller's exam.  (Doc. 57).

Upon completion of the exam, defense counsel provided a copy of Dr. Miller's report to Plaintiff's counsel.  Defense counsel was not required to produce a Rule 26(a)(2) report for Dr. Miller prior to using Dr. Miller's report at the hearing subsequently conducted on Plaintiff's motion for a temporary restraining order/ preliminary injunction.   Judge Hogan previously ruled the report as admissible, and expressly overruled Plaintiff's objections to the report.

> Plaintiff ...objects to Dr. Miller's report and seeks the appointment of another expert to perform a physical and mental examination. (Doc. 67). Plaintiff's objection to the report of Dr. Miller is not well-taken.
>
> ....Both parties agreed to the independent medical examination by Dr. Miller in an effort to resolve the medical issues in this case.  Now that Dr. Miller's report suggests there may be a psychiatric component to plaintiff's problems, he objects to the

> report. On the other hand, plaintiff picks out the portions of Dr. Miller's report favorable to him and cites those portions in support of his claim that he suffers from "chronic pain syndrome." (Doc. 71 at 1). Plaintiff cannot pick and choose the favorable portions of Dr. Miller's report, then ask the Court to disregard the portions that do not support his position. Plaintiff has not cited and the Court cannot discern any basis to conclude that Dr. Miller's report is biased and should be disregarded.

(Doc. 81 at 16; *see also id*. at 9, noting Plaintiff's objection to the Court's consideration of Dr. Miller's report "for the failure to disclose a report meeting the requirements of Fed. Civ. R. 26(a)(2)(B)").

Plaintiff has filed objections to Judge Hogan's still-pending R&R and Order, but unless or until those objections are sustained, Judge Hogan's prior rulings remain binding as the law of this case.[4] Because Plaintiff's motion for Rule 11 sanctions is based on objections to the use of Dr. Miller's report that were previously overruled by Judge Hogan, and otherwise is without merit, Plaintiff's Rule 11 motion should be denied.

### III. Conclusion and Recommendations

For the reasons explained above, **IT IS RECOMMENDED:**

1. That Defendant Jackson's Motion for Partial Judgment on the Pleadings (Doc. 76) be **GRANTED**; that Case No. 1:10-cv-28 be **DISMISSED** with prejudice in its entirety, and that all claims against Defendant Jackson in Lead Case No. 1:09-cv-468 likewise be **DISMISSED WITH PREJUDICE**;

2. That Plaintiff's Motion for Default Judgment against James Coulter and Tony Sexton (Doc. 90) be **DENIED**;

---

[4] Even if they were not binding, the undersigned magistrate judge fully concurs with the prior rulings.

9

    3.   That Plaintiff's Motion to Join Michael Sheets and J. Dehart as additional defendants (Doc. 92) be **DENIED**; and

    4.   That Plaintiff's motion for Rule 11 Sanctions (Doc. 122) be **DENIED**.

                                       *s/ Stephanie K. Bowman*
                                       Stephanie K. Bowman
                                       United States Magistrate Judge

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

MUMIN ISRAFIL,                      Case No. 1:09-cv-468

       Plaintiff,                     Spiegel, J.
                                             Bowman, M.J.

   v.

BARBARA WOODS, et al.,

       Defendant.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).