```
              UNITED STATES DISTRICT COURT
               SOUTHERN DISTRICT OF OHIO
                    WESTERN DIVISION
```

MUMIN ISRAFIL,  :  No. 1:09-cv-468
      Plaintiff  :
  vs.  :
       : **OPINION & ORDER**
BARBARA WOODS, et al.,  :
      Defendants  :

This matter is before the Court on the Magistrate Judge's Report and Recommendation (doc. 81), to which Plaintiff filed objections (doc. 117), in which the Magistrate Judge recommends that Plaintiff's motion for a temporary order/preliminary injunction (doc. 43) be denied.

Plaintiff, proceeding <u>pro se</u>, filed a motion for a temporary restraining order/preliminary injunction seeking a Court order "enjoining Defendant Coulter from continuing to deny Mr. Israfil constitutionally required medical care" and to "provide Mr. Israfil with a wheelchair so that he can attend medical appointments necessary for further diagnosis and treatment" (doc. 43). In short, he claims to have a serious medical condition that, among other things, impedes his ability to walk, and he avers that Defendants have exhibited deliberate indifference to his medical needs. The Magistrate Judge found that Plaintiff had failed to meet his burden of showing a likelihood of success on the merits of his Eighth Amendment claim because the evidence in the record did not show either that he suffers from a serious medical condition

necessitating the Court's intervention or that Defendant Coulter or any other Defendant was refusing to treat him (doc. 81).

Plaintiff objected to the Magistrate Judge's report and, with his objections, filed exhibits that he claims show that he does suffer from a serious medical condition and that Defendant's failure to provide him with a wheelchair or other assistance in order to attend his medical visits amounts to a refusal to treat him (doc. 117).  Nearly four months after filing his objections to the Magistrate Judge's Report, Plaintiff filed a motion for leave to file an addendum to his objections (doc. 141).

Plaintiff is no longer incarcerated at the Warren Correctional Institute, where the events allegedly forming the basis of Plaintiff's motion occurred, no Defendant is currently Plaintiff's treating physician, and none of them works at Ross Correctional Institution, where Plaintiff is currently incarcerated (doc. 142).  Therefore, the Court finds that Plaintiff's motion is properly denied as moot (doc. 43).  Cf. Temujin v. Haigh, 87 F.3d 172, 175 (6th Cir. 1996)("[T]o the extent [Plaintiff] seeks declaratory and injunctive relief his claims are now moot as he is no longer confined at the institution that searched his mail."). Consequently, it is also proper to deny as moot Plaintiff's motion to file an addendum to his objections (doc. 141).

However, even if the Court were to decide the motion on the merits, the Court would deny it.  Plaintiff is proceeding pro

se, and, as such, he is entitled to a liberal construction of his pleadings. Hahn v. Star Bank, 190 F.3d 708, 715 (6th Cir. 1999)(citing Haines v. Kerner, 404 U.S. 519, 520-21 (1972)). Even construing Plaintiff's allegations in a liberal manner, this Court, having conducted a de novo review of this matter, finds that the Magistrate Judge's Report and Recommendation is thorough, well-reasoned and correct.

Most of Plaintiff's objections to the Magistrate Judge's report are objections to factual minutia that do not affect the Court's decision. For example, Plaintiff notes that, in addition to the deliberate indifference claim discussed by the Magistrate Judge, he has also lodged a claim of "retaliation" and "assault" against Defendants (doc. 117). It is true that Plaintiff alleged claims for both retaliation and assault in his second amended complaint (doc. 42). However, these were not the subject of the temporary restraining order, which only spoke to his denial of medical care claim (doc. 43). Therefore, the Magistrate Judge's statement that "Plaintiff alleges a claim of deliberate indifference to serious medical needs in violation of the Eighth Amendment" is correct, and Plaintiff's objection does not alter the Court's decision here.

In addition, Plaintiff states in his objections that the Magistrate Judge "misconstrues" his requests for "injunctive relief per wheelchair assistance" but does not explain how those requests

3

were misconstrued. However, in response to the Magistrate Judge's observation that Plaintiff repeatedly refused to get diagnostic testing that was needed in order to establish whether or not he has a serious medical condition, Plaintiff referenced some occasions in which he could not attend clinic because he was told he either had to walk or not go (doc. 117). Indeed, he explicitly states that he is "being denied wheelchair aid when he needs it to see Defendant Coulter for his lower back pain and incontinence problems" and asks for a preliminary injunction to prevent Defendants from interfering with his medical plan and accommodations, including "e.g., wheelchair" (Id.). However, as the Magistrate Judge noted, Plaintiff also stated that he was not pursuing "injunctive relief for any defendant to provide him with wheelchair" (doc. 71). Therefore, the Magistrate Judge's statement that Plaintiff has exhibited inconsistent positions with respect to the wheelchair issue is not in error, and the Court cannot understand how the Magistrate Judge's report can be read to be misconstruing anything.

Plaintiff also avers that he did not take the recommended MRI, which was scheduled in order to diagnose the cause of Plaintiff's pain and potentially provide him with the medical evidence necessary to support his contention that he suffers from a serious medical condition, because it did not comply with prison policy (doc. 117). He claims that no one would inform him of the "cause of the test so he refused" (Id.). The Court finds this

claim disingenuous. The Magistrate Judge traveled to the Warren Correctional Institute and had a face-to-face meeting with Plaintiff, and the parties hereto agreed to stay the hearing on the instant motion pending the independent medical examination of a Dr. Miller (doc. 81). That examination occurred, and she ordered the MRI (Id.). Plaintiff cannot legitimately claim that he did not know the purpose of the MRI. In any event, he cannot hide behind his own refusal to participate in the diagnostic tests that might have given him and the Court the information necessary to find that he suffers from a serious medical condition necessitating the Court's intervention. Nor can he fob the responsibility for that refusal onto Defendants. He chose not to engage in the recommended testing, and the result of that choice is that the Magistrate Judge did not have before him the information that might have come from that testing.

Plaintiff's objections to the Magistrate Judge's report are simply not persuasive, and the Court finds that Plaintiff has failed to meet his burden of showing a likelihood of success on the merits of his Eighth Amendment claim. See, e.g., Leary v. Daeschner, 228 F.3d 729, 736 (6th Cir. 2000). Therefore, were the Court to decide the issue before it on the merits, it would deny Plaintiff's motion for a preliminary injunction. However, because Plaintiff is no longer incarcerated at the allegedly offending institution and subject to interacting with Defendants, the Court

5

DENIES Plaintiff's motion as moot (doc. 43), DENIES Plaintiff's motion to file an addendum to his objections as moot (doc. 141) and AFFIRMS the Magistrate Judge's Report and Recommendation (doc. 81).


        SO ORDERED.

Dated: February 3, 2011        /s/ S. Arthur Spiegel
                                        S. Arthur Spiegel
                                        United States Senior District Judge