**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

MUMIN ISRAFIL,

    Plaintiff,

  v.

BARBARA WOODS, et al.,

    Defendant.

Case No. 1:09-cv-468

Spiegel, J.
Bowman, M.J.

**REPORT AND RECOMMENDATION**

Plaintiff initiated this litigation on July 20, 2009 while incarcerated at the Warren Correctional Institution (WCI) in Lebanon, Ohio.[1]  Plaintiff alleges that numerous defendants have exhibited deliberate indifference to his serious medical needs, in violation of the Eighth Amendment to the United States Constitution.  Plaintiff also included claims for "retaliation" and "assault" in his second amended complaint. (Doc. 150 at 3).  Pursuant to local practice, dispositive motions filed in this case are referred to the undersigned magistrate judge for initial review and a report and recommendation.  See 28 U.S.C. §636(b).  Currently pending are two dispositive motions: 1) Plaintiff's motion for Rule 60(b)(3) Relief (Doc. 148); and 2) Plaintiff's motion to alter or amend the Court's opinion and orders (Doc. 153).

**I. Background**

The background of this litigation has been previously summarized in the Report and

---

[1] The record reflects that Plaintiff is currently incarcerated at the Ross Correctional Institution in Chillicothe, Ohio.

Recommendation filed on January 10, 2011 (Doc. 140), as well as in a September 9, 2010 Report and Recommendation (R&R) previously filed by then-presiding Magistrate Judge Hogan (Doc. 81). Due to its length, most of that background and procedural history is not repeated herein.

Suffice it to say that after a hearing held on September 7, 2010, Judge Hogan recommended that Plaintiff's motion for TRO/preliminary injunction be denied, based upon Plaintiff's failure to meet his burden to show a likelihood of success on the merits of his Eighth Amendment claim. (*Id*. at 18). Judge Hogan's R&R was adopted by the presiding district judge, over Plaintiff's objections, on February 3, 2011 (Doc. 150).

In my January 10, 2011 R&R, I recommended: 1) that Defendant Jackson's Motion for Partial Judgment on the Pleadings (Doc. 76) be granted; 2) that Case No. 1:10-cv-28 be dismissed with prejudice in its entirety, and that all claims against Defendant Jackson in Lead Case No. 1:09-cv-468 likewise be dismissed with prejudice; 3) that Plaintiff's Motion for Default Judgment against James Coulter and Tony Sexton (Doc. 90) be denied; 4) that Plaintiff's Motion to Join Michael Sheets and J. Dehart as additional defendants (Doc. 92) be denied; and 5) that Plaintiff's motion for Rule 11 Sanctions (Doc. 122) be denied. (Doc. 140 at 9-10). That Report and Recommendation remains pending before the presiding district judge on Plaintiff's objections (Doc. 159).

**II. Analysis of Recently Filed Dispositive Motions**

**A. Plaintiff's Motion for Rule 60(b)(3) Relief (Doc. 148)**

On January 20, 2011, Defendants moved for an extension of the dispositive motion deadline (Doc. 144). The court granted that motion on January 25, 2011 (Doc. 146). Two

2

days later, Plaintiff filed a response in opposition to Defendant's motion for an extension of the dispositive motion deadline, arguing that Defendant's purported reasons for the requested extension were "untrue and unsupported by [sic] record." (Doc. 148 at 1). Anticipating that the court may have granted the relatively routine motion for extension, Plaintiff's motion sought in the alternative "Rule 60(b)(3) relief" overturning any order extending the dispositive motion deadline.

Plaintiff's motion for Rule 60(b)(3) relief should be denied. Notwithstanding Plaintiff's concerns with the wording of Defendant's motion for extension, the court notes that it has repeatedly granted Plaintiff extensions of time for relatively little cause. Defendant's prior motion for extension sought the additional time in order to incorporate test results received by counsel into Defendants' anticipated dispositive motion. The court finds the extension to have been properly granted, and therefore recommends denying Plaintiff's motion for Rule 60(b)(3) relief.

### B. Plaintiff's Motion to Alter or Amend Opinion and Order (Doc. 153)

On February 10, 2011, Plaintiff filed a "Rule 59(e) motion" seeking to "alter or amend" a "judgment" of this Court. As Defendants note in their response in opposition (Doc. 158), the "judgment" that Plaintiff seeks to alter or amend is not in fact a judgment but instead is an Opinion and Order by the presiding district judge. The Opinion and Order adopts Magistrate Judge Hogan's previously referenced R&R denying Plaintiff's motion for a TRO/preliminary injunctive relief. Thus, Plaintiff's motion should be denied because there is no final "judgment" to alter or amend under Rule 59, Fed. R. Civ. P.

In any event, contrary to Plaintiff's argument that the presiding district judge has "misunderstood" critical facts, the record reflects that the Court considered all relevant facts

prior to denying preliminary injunctive relief.  The central basis for denying Plaintiff's motion was that it was moot in light of Plaintiff's transfer to another prison facility.  In the alternative, the presiding district judge agreed with Judge Hogan that Plaintiff had failed to demonstrate a probability of success on the merits of his claims.  The additional/ alternative "facts" that Plaintiff requests the Court to consider do not provide a basis for altering the Court's February 3, 2011 Opinion and Order; therefore, his motion should be denied.

For the reasons explained above, **IT IS RECOMMENDED:**

1.  That Plaintiff's motion for Rule 60(b)(3) relief (Doc. 148) be **DENIED**; and

2.  That Plaintiff's Motion to Alter or Amend Court Opinion and Order (Doc. 153) also be **DENIED**.

 *s/ Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

4

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

MUMIN ISRAFIL,                   Case No. 1:09-cv-468

    Plaintiff,                      Spiegel, J.
                                          Bowman, M.J.

    v.

BARBARA WOODS, et al.,

    Defendant.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R.  That period may be extended further by the Court on timely motion by either side for an extension of time.  All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections.  A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).