UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| MUMIN ISRAFIL, | : | |
| | : | NO. 1:09-CV-00468 |
| Plaintiff, | : | |
| | : | |
| | : | |
| v. | : | **OPINION AND ORDER** |
| | : | |
| | : | |
| BARBARA WOODS, et. al., | : | |
| | : | |
| Defendants. | : | |

This matter is before the Court on the Magistrate Judge's
Report and Recommendation (doc. 140), the accompanying Memorandum
(doc. 139), and Plaintiff's Objections to both the Memorandum (doc.
160) and the Report and Recommendation (doc. 159). In her Report
and Recommendation and Memorandum Order, the Magistrate Judge made
recommendations as to the seventeen non-dispositive and four
dispositive motions before the Court (docs. 140, 139). The Court
agrees with the Magistrate Judge's assessment of the pending
motions.

The background of this case is well-detailed in the
Magistrate Judge's Memorandum Order (doc. 139) and Report and
Recommendation (doc. 140). The Court will not further detail the
background of the case except as is necessary to rule on the
motions before the Court. The Magistrate Judge addressed seventeen
non-dispositive motions in the Memorandum Order (doc. 139) and four
dispositive motions in the Report and Recommendation (doc. 140).

Plaintiff objects to the Magistrate Judge's Report and Recommendation (doc. 140) and accompanying Memorandum Order (doc. 139). Plaintiff objects to three of the four recommendations on dispositive motions made by the Magistrate Judge (doc. 159). Specifically, Plaintiff objects to granting Defendant Jackson's motion for partial judgment on the pleadings (doc. 76) and to dismiss with prejudice Case No. 1:10-CV-00028 in its entirety.[1] Further Plaintiff objects to dismissing all claims against Defendant Jackson in this case(doc. 159), denying Plaintiff's motion for default judgment against Defendants Coulter and Sexton (doc. 90), and denying Plaintiff's motion for Rule 11 sanctions (doc. 122).

Plaintiff asserts that the Magistrate Judge erred in finding that Plaintiff had failed to state a claim on which relief could be granted or to allege with the specificity required claims that would amount to a present violation of Plaintiff's constitutional rights (doc. 159).[2] Plaintiff relies on his opposition to Defendant Jackson's motion for partial judgment (doc.

---

[1]   Israfil v. Jackson, Case No. 1:10-CV-00028, was consolidated with this case, Israfil v. Woods, by Court Order on August 31, 2010 (doc. 66).

[2]   Plaintiff also objects to the finding of the Magistrate Judge concerning the relationship between the case at bar and two others filed by the Plaintiff, Israfil v. Parks and Israfil v. Doe. Though Plaintiff is correct concerning the procedural posture of those cases, his assertion is irrelevant to the recommendation as to the motion for partial judgment on the pleadings.

109) to claim that he adequately alleged that Jackson violated Plaintiff's constitutional rights (doc. 159). However, the Magistrate Judge persuasively determined that Plaintiff inadequately stated claims against Defendant Jackson because the allegations only concerns "indirect involvement" with his alleged present injuries (doc. 140). Plaintiff alleges direct responsibility only with regard to the future and thus is too speculative to merit a claim (Id.). Additionally, since Defendant Jackson's alleged actions would have occurred within her discretionary functions as a prison official, she would be entitled to qualified immunity (Id.). Accordingly, the Court finds the Magistrate Judge's recommendation well-taken, and Plaintiff has presented nothing in his objections to compel a different outcome.

Plaintiff objects to the Magistrate Judge's recommendation that Plaintiff's motion for default judgment be denied (doc. 159). Though Plaintiff argues he entered a motion for default to fulfill the Fed. R. Civ. P. 55(a) requirement of an initial entry of default by a clerk before proceeding to a Rule 55(b) motion for default judgment, this is not reflected in the record (Id.). Instead, Plaintiff filed a motion for default judgment (doc. 90), which the Magistrate Judge correctly recommended should be denied because entry of default judgment would be improper (doc. 159).

With respect to the motion for Rule 11 sanctions, the

-3-

Court also finds the Magistrate Judge's Report and Recommendation persuasive (Id.). Though Plaintiff clearly feels wronged by the situation, the Magistrate Judge correctly indicates that Plaintiff misconstrues the nature of Rules 11 and 35 and of expert testimony (Id.). Plaintiff's objections to the recommendation to deny the motion contain no additional information or allegations from the initial motion filing (doc. 122).

As to the Memorandum Order, Plaintiff objects to two of the seventeen non-dispositive motion recommendations (doc. 160). First, Plaintiff objects to the granting of Defendants' motion for leave to file answer instanter because Plaintiff alleges Defendants' failure to answer Complaint was neither for good cause or based on excusable neglect (Id.). The Magistrate Judge, however, noted a reasonable excuse on the part of Defendants and additionally determined that granting the motion would not result in any prejudice to the Plaintiff (doc. 139). The Court sees nothing in Plaintiff's objections to compel a different result. The second objection of Plaintiff is to the denial of his motion for Rule 37 sanctions based on what he claims is an automatic disclosure requirement of Rule 26(a)(2) for expert disclosures (doc. 160). The Magistrate Judge correctly stated that expert disclosures are not subject to an automatic requirement, and the applicable rule for automatic disclosures is Rule 26(a)(1), which is not pertinent to this motion (doc. 139). The Court agrees with

-4-

the Magistrate Judge's assessment here.

The Court has conducted a <u>de novo</u> review of those issues
pursuant to 28 U.S.C. § 636(b) to which Plaintiff specifically
objected and agrees with the Magistrate Judge's conclusions.
Accordingly, the Court ADOPTS and AFFIRMS the Magistrate Judge's
Report and Recommendation and the Memorandum Order in their
entirety (doc. 140, 139).

Therefore:

- Defendant Jackson's Motion for Partial Judgment on
  the Pleadings is GRANTED (doc 76);

- Case No. 1:10-CV-00028 is DISMISSED WITH PREJUDICE
  in its entirety, and all claims against Defendant
  Jackson in this case are DISMISSED WITH PREJUDICE;

- Plaintiff's Motion for Status Conference is DENIED
  (doc. 80);

- Plaintiff's Motion for Judge Hogan to disqualify
  himself is DENIED (doc. 84);

- Plaintiff's Motion for Default Judgment against
  Defendants Coulter and Sexton is DENIED (doc. 90);

- Plaintiff's Motion to Join Sheets and Dehart as
  additional defendants is DENIED (doc. 92);

- Plaintiff's Motion for Extension of Time to File
  Response, to the extent that Plaintiff's October 5,
  2010 response has been fully considered by the

-5-

Court, is GRANTED (doc. 100);

- Defendants' Motion for Extension of Discovery is retroactively GRANTED IN PART to November 19, 2010, but otherwise DENIED AS MOOT (doc. 120); Defendants' earlier Motion for Extension of Discovery is DENIED AS MOOT (doc. 102);

- Defendants' Motion for Leave to File Attached Answer is GRANTED (doc. 104);

- Plaintiff's Motion for Rule 37 Sanctions is DENIED (doc. 106), and Plaintiff's Objections to Dr. Miller's testimony are OVERRULED (doc. 72);

- Plaintiff's Motion to Stay is DENIED (doc. 110);

- Plaintiff's Motion for Transcription of the Record is DENIED (doc. 112);

- Defendants' Motion for Leave to File Supplemental Argument in Opposition to Doc. 106 is GRANTED (doc. 118);

- Plaintiff's Motion for Rule 11 Sanctions is DENIED (doc. 122);

- Plaintiff's Motion to Extend Discovery Deadlines is RENDERED MOOT by the passage of time (doc. 123);

- Defendants' Motion to Quash is GRANTED (doc. 135), and Plaintiff's Notices of Deposition and Subpoenas are QUASHED but without prejudice to Plaintiff's

right to complete telephonic depositions or depositions by written questions or complete written discovery concerning Defendants Coulter and Sexton (doc. 124, 125);

- Plaintiff's Motion for Leave to File an Amended Complaint is GRANTED (doc. 126);

- Defendant's Motion to Extend Time to File Response to Written Discovery is RENDERED MOOT by the passage of time (doc. 136); and

- Plaintiff's Motion for Relief from Clerical Error is DENIED AS MOOT (doc. 137).

SO ORDERED.

Dated: 6/23/11

S. Arthur Spiegel
United States Senior District Judge

-7-