```
UNITED STATES DISTRICT COURT
   SOUTHERN DISTRICT OF OHIO
        WESTERN DIVISION
```

MUMIN ISRAFIL,                  :
                                :    NO. 1:09-CV-00468
    Plaintiff,              :
                                :
                                :
  v.                           :    **OPINION AND ORDER**
                                :
                                :
BARBARA WOODS, et. al.,         :
                                :
    Defendants.             :

This matter is before the Court on the Magistrate Judge's Report and Recommendation (doc. 199), Defendants' objections (doc. 201) and Plaintiff's objections (doc. 217). In her Report and Recommendation, the Magistrate Judge recommends that Defendants' motion for summary judgment be granted in part and denied in part. Also pending before the Court are Plaintiff's Objections to a Portion of Magistrate's December 7, 2011 Memorandum Order (doc. 211) and Defendants' Motion to Strike Plaintiff's Concluded Objections to Magistrate's Report and Recommendation (doc. 222).

As an initial matter, Defendants' Motion to Strike Plaintiff's Concluded Objections to Magistrate's Report and Recommendation (doc. 222) is DENIED. Plaintiff had until April 27, 2012 to file objection to the Magistrate Judge's Report and Recommendation. He filed an initial set of objections on April 2, 2012, and a "Concluded Objections" on May 2, 2012. Those latter objections appear to have been signed on April 26, 2012, and the

Court, noting Plaintiff's pro se status and the fact that he is currently incarcerated, will not bar them from review because they were not filed until six days later.

As required by 29 U.S.C. § 636(b) and Federal Rule of Civil Procedure 72(b), the Court has reviewed the comprehensive analysis of the Magistrate Judge and considered de novo all of the filings in this matter. Upon thorough consideration of the foregoing, the Court finds the parties' objections unpersuasive, determines that the Magistrate Judge's Report and Recommendation is thorough, well-reasoned and correct, and ADOPTS and AFFIRMS it in all respects (doc. 199). Accordingly, Defendants' Motion for Summary Judgment (doc. 167) is GRANTED IN PART and DENIED IN PART; Defendants Coulter and Woods are granted judgment as a matter of law on all claims stated against them, whether in their individual or official capacities; all claims against the Warden of Warren Correctional Institution are, to the extent not already dismissed, hereby dismissed; all claims against John Doe Defendants, with the exception of Jennifer Young, are dismissed for failure of service; and all claims against Defendant Sexton and any and all other Defendant in his or her official capacity are dismissed.

Plaintiff's First Amendment retaliation and Eighth Amendment excessive force claims against Defendant Sexton in his individual capacity survive summary judgment. Finally, the Court notes that, as of the time of the filing of the Magistrate Judge's

Report and Recommendation, Plaintiff had yet to successfully serve Defendant Jennifer Young. An order for service was issued within two weeks of the filing of the Magistrate Judge's report, and the summons was returned executed shortly thereafter. Therefore, claims against Defendant Young remain pending.

The Court now turns to Plaintiff's Objections to a Portion of Magistrate's December 7, 2011 Memorandum Order (doc. 211). As a general matter, these objections are rendered moot by the Court's decision on Defendants' motion for summary judgment. But even if they were not moot, they are either meritless and/or unpersuasive. Specifically, Plaintiff asserts that he could not adequately respond to Defendants' motion for summary judgment because he was denied certain discovery. However, as the Magistrate Judge noted in her Order, Plaintiff's request for discovery is moot, as on May 26, 2011, Defendants stated that a copy of the medical records sought by Plaintiff was mailed to Plaintiff (doc. 198). Plaintiff's interpretation of the Magistrate Judge's Order–that it "gives the impression no Rule 56(d) declaration exists to be ruled upon"– is simply an erroneous interpretation. The Magistrate Judge clearly ruled on the open issue before her, whether Defendants had produced the requested outstanding discovery. Finding that they had, the issue was correctly deemed resolved, thus rendering Plaintiff's motion moot.

Second, Plaintiff seeks sanctions because, he alleges, he

was not provided with a copy of his records, and he objects to the Magistrate Judge's Order denying his motion for sanctions. However, as noted above, he has in fact received all relevant records. In addition, he is entitled to review any other of his medical records and make copies of them as needed, so the Court finds absolutely no basis for sanctions and no error in the Magistrate Judge's order.

Third, Plaintiff objects to the Court's review and consideration of Dr. Miller's opinion and to Lisa Bethel's declaration because, <u>inter</u> <u>alia</u>, they were not qualified as experts. However, as Defendants note, Plaintiff consented to Dr. Miller's independent medical exam, so Plaintiff's objections at this stage are baseless and amount to little more than disagreement with Dr. Miller's medical assessment. As to Lisa Bethel, her declaration was made as the custodian of the medical records, and she is competent to testify as such. Nothing in Plaintiff's objections compels a different result.

Fourth, Plaintiff's objections to the Magistrate Judge's comments regarding Plaintiff's failure to timely file his response to Defendants' motion for summary judgment appear to be mere formalities made in case failure to make the objections could be construed as waiving objection. The Court was not influenced by any "unfair prejudice" contained in the Magistrate Judge's comments, and, in any event, the Magistrate Judge granted Plaintiff

leave to file his response notwithstanding the timeliness issue. Therefore, Plaintiff's objections are unpersuasive.

For the reasons set forth above, the Court DENIES Plaintiff's Objections to a Portion of Magistrate's December 7, 2011 Memorandum Order (doc. 211).

In sum, the Court AFFIRMS and ADOPTS the Magistrate Judge's Report and Recommendation in its entirety (doc. 199); DENIES Plaintiff's Objections to a Portion of Magistrate's December 7, 2011 Order (doc. 211); and DENIES Defendants' Motion to Strike (doc. 222).

SO ORDERED.

Dated: June 12, 2012         /s/ S. Arthur Spiegel
                             S. Arthur Spiegel
                             United States Senior District Judge