**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

MUMIN ISRAFIL,                 Case No. 1:09-cv-468

    Plaintiff,                      Spiegel, J.
                                      Bowman, M.J.
    v.

BARBARA WOODS, et al.,

    Defendant.

**MEMORANDUM ORDER**

The Court previously granted summary judgment to most Defendants and dismissed most claims filed by Plaintiff in this *pro se* prisoner civil rights litigation. (Docs. 140, 182, 199, 224). The only claims that remain are limited claims against Defendant Sexton and Defendant Young in their individual capacities for retaliation under the First Amendment, and for excessive use of force under the Eighth Amendment.

**Proceedings Relating to Defendant Jennifer Young**

Plaintiff did not assert his retaliation and assault claims against Defendants Sexton and Young until he filed a second amended complaint on March 25, 2010. (Doc. 42). The parties engaged in a significant amount of discovery, as evidenced in part by the number of discovery-related orders in the record. Although Plaintiff presently proceeds *pro se*, he was represented by counsel for a period of time, including during a portion of the discovery period.[1] All discovery on all claims (including those in Plaintiff's second amended

---

[1] Plaintiff was briefly represented by counsel, but voluntarily terminated that relationship. The Court has declined Plaintiff's requests to appoint new counsel to date.

complaint) was to have been completed by November 19, 2010, with the limited exception of discovery concerning Defendants Dr. Couter (now dismissed) and Defendant Sexton. Discovery relating to those two defendants alone was permitted to extend until January 31, 2011. (Doc. 169 at 1, citing Doc. 139 at 3, 9).

Originally, Young was identified only as one of four "John Doe" Defendants (three of whom have since been dismissed) as to whom discovery was to have been completed by November 19, 2010. Officer Young was the only "John Doe" ever identified by Plaintiff, but he did not seek to identify her until November 5, 2010, seven and a half months after filing his second amended complaint. (Doc. 126). On January 10, 2011, the Court granted Plaintiff's unopposed motion to identify Young as one of the John Doe Defendants. (Doc. 139). However, although Plaintiff previously had been advised of his duty to provide instructions for service as to other defendants (Doc. 46), the Court's order granting Plaintiff's unopposed motion to add Officer Young failed to include the Court's customary instructions concerning service. Regrettably, although Plaintiff had tendered a third amended complaint identifying Young as an exhibit to his motion to amend, it was not initially filed of record and no summons was issued to Young.

On December 7, 2011, citing "the interests of justice," and "the long-overdue deadlines for service ordinarily mandated by Rule 4(m), Fed. R. Civ. P.," the Court granted Plaintiff a thirty-day period of additional time in which to serve Correctional Officer Young. (Doc. 198). The record reflects that summons was issued to Defendant Young on December 20, 2011, and that she filed an answer on March 5, 2012. (Docs. 203, 215).

Now that Defendant Young at last has been served and has formally entered her appearance through counsel, the Court must determine how best to proceed with respect

2

to this newly identified party. I begin by noting that the same defense counsel, the Ohio Attorney General, represents both Young and Defendant Sexton, the only other remaining defendant, on essentially identical claims. The record further reflects that over the course of the past three years, the parties have had ample time to engage in discovery. A number of Plaintiff's past requests sought discovery concerning the "John Doe" parties, which presumably included Defendant Young. Therefore, based upon this Court's review of the record, I conclude that it is fair and just to assume that no further discovery is required or exists to be conducted concerning the retaliation and assault claims in question. In her answer, Defendant Young formally raises a number of affirmative defenses. It is unclear at this juncture whether the defenses now presented by Defendant Young have previously been considered and ruled upon by this Court, whether Defendant Young seeks leave to file a dispositive motion on any of those defenses, or whether Defendant Young is prepared to proceed to trial with Defendant Sexton on Plaintiff's limited remaining claims without further motion practice.

## II. Conclusion and Order

Based on the current posture of this litigation, **IT IS ORDERED:**

1. Defendant Young may, but is not required to, file any appropriate dispositive motion on or before **July 13, 2012**.

2. If no dispositive motion is filed on or before July 13, the Court will assume that both Plaintiff and Defendants are prepared to proceed to trial before U.S. District Judge S. Arthur Spiegel at a date to be set by the presiding district judge without further delay.

*s/ Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge