**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

MUMIN ISRAFIL,

    Plaintiff,

v.

BARBARA WOODS, et al.,

    Defendant.

Case No. 1:09-cv-468

Spiegel, J.
Bowman, M.J.

**REPORT AND RECOMMENDATION**

Plaintiff initiated this suit[1] more than three years ago while incarcerated at the Warren Correctional Institution (WCI) in Lebanon, Ohio. Through a series of prior Reports and Recommendations (R&Rs) and Orders adopting those R&Rs, this Court previously dismissed most of Plaintiff's claims, as well as most Defendants. (*See, e.g.*, Docs. 81, 140, 150, 164, 175, 182, 199, 224). As a result, the only claims that remain for trial are Plaintiff's First Amendment retaliation and Eighth Amendment excessive force claims against Defendant Sexton in his individual capacity, and similar claims against Defendant

---

[1] The records of this Court reflect that Plaintiff has pursued seven civil rights complaints to date. The instant case was previously consolidated with Civil Case No. 11-cv-28-SAS-SKB, but all claims in the latter case were dismissed on June 24, 2011.
    In addition, Plaintiff filed separate litigation on February 10, 2010 against another official at WCI, Mona Parks, alleging that Ms. Parks failed to enforce regulations pertaining to Plaintiff's round-trip transportation to a pain clinic while at WCI and failed to correctly manage grievances pertaining to the same. Plaintiff sought to amend his complaint in that case to further allege the denial of adequate health care by two shift commanders. *Israfil v. Parks*, Civil Case No. 2:10-cv-132-EAS-MRA. On June 22, 2011, Plaintiff's claims in that case were dismissed on summary judgment, and leave to amend was denied on grounds that Plaintiff could have brought the same claims in this case, but failed to timely do so. (Doc. 51).
    At least three other civil rights cases filed by Plaintiff have been previously dismissed: Civil Case No. 1:10-cv-92-SSB-TSH (dismissed for failure to state a claim); Civil Case No. 3:94-cv-64-WHR-MRM (dismissed for lack of subject matter jurisdiction); and Civil Case No. 2:11-cv-385-EAS-TPK (R&R pending, recommending that summary judgment be granted for failure to exhaust administrative remedies). In addition, a civil rights case filed by Plaintiff in 1994 was dismissed for lack of jurisdiction, Civil Case No. 3:94-cv-64.

Jennifer Young in her individual capacity. Although this case is otherwise ready for trial, Defendant Young recently filed an additional motion for summary judgment. I now recommend that Defendant Young's motion be granted, and that this case proceed on the remaining claims against Officer Sexton.

**I. Background**

Plaintiff initially filed this prisoner civil rights litigation *pro se*, was appointed counsel for a period of time, but currently proceeds *pro se* once again. During the period of time in which Plaintiff was represented by counsel, Plaintiff filed a second amended complaint (Doc. 42) which alleged in part that Plaintiff was denied constitutionally required medical care while incarcerated at WCI. (Doc. 42). Plaintiff also alleged an escalating pattern of retaliation and physical abuse by various Defendants relative to his complaints about the inadequate medical care. (*Id.*). In a third amended complaint, Plaintiff reiterated his claims, and identified Defendant Young as one of four Defendants previously identified only as "John Doe" correctional officers.

The history of Plaintiff's problems at WCI and the procedural history of this litigation is chronicled extensively in the prior R&Rs (*see, e.g.*, Doc. 199 at 1-10), and therefore will not be repeated at any length here. Briefly, however, Plaintiff's physical problems began in August 2008, when he was accidentally struck by a golf cart on prison grounds, allegedly causing serious injury to his back. Over the next several years, Plaintiff complained vociferously about the medical treatment provided to him in general, and in particular, concerning his complaints of back and neck pain. Plaintiff maintained that he required a wheelchair and special transportation provisions for transport to and from medical

2

appointments, and narcotic pain medication, although prison officials and medical personnel believed that Plaintiff's complaints resulted not from physical ailments, but instead from mental health issues. Ultimately, this Court granted summary judgment to Defendants concerning all claims relating to the medical care provided to Plaintiff, concluding that Defendants were entitled to judgment as a matter of law based upon Plaintiff's failure to prove either the subjective or objective components of his Eighth Amendment deliberate indifference claims.

In addition to the now-dismissed claims pertaining to his medical care, Plaintiff's complaint alleged that on May 15, 2009, he was involved in an altercation with John Doe Defendants, which exacerbated his prior symptoms. Eventually, Plaintiff made specific allegations against Correctional Officer Jennifer Young, ostensibly identified at the outset as a "John Doe" Defendant. The record reflects that although Plaintiff first identified Defendant Young as a Defendant on November 5, 2010, summons was not issued to her until December 20, 2011, and she did not file an answer until March 5, 2012. (Doc. 225). Given these unusual procedural circumstances, the Court permitted Defendant Young additional time in which to file a separate dispositive motion. (Docs. 225, 229).

The claims that remain against Correctional Officer Sexton arise from a separate incident on June 12, 2009, when Defendant Sexton and other correctional officers allegedly handcuffed Plaintiff and carried him to a waiting van in a rough manner, for transportation to a medical appointment. According to Plaintiff, upon his return to the institution, he was placed in disciplinary segregation because he filed a grievance against Captain Sexton concerning the same incident. Although Defendant Sexton was among the Defendants who previously moved for summary judgment, Defendant Sexton's prior

3

motion was denied in part by this Court, on grounds that genuine issues of material fact existed concerning Plaintiff's claim of retaliation and/or excessive use of force by that Defendant.

**II. Defendant Young's Motion for Summary Judgment**

Although the Court's prior analysis of Plaintiff's claims against Defendant Sexton is similar to the analysis of Plaintiff's claims against Defendant Young, I conclude that Defendant Young's motion for summary judgment should be granted.

**A. Standard of Review**

In a motion for summary judgment, "a court must view the facts and any inferences that can be drawn from those facts ... in the light most favorable to the nonmoving party." *Keweenaw Bay Indian Comm. v. Rising,* 477 F.3d 881, 886 (6th Cir.2007) (internal quotation marks omitted). "Summary judgment is only appropriate 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" *Id.* (quoting Fed.R.Civ.P. 56(c)) (internal quotation marks omitted). "Weighing of the evidence or making credibility determinations are prohibited at summary judgment-rather, all facts must be viewed in the light most favorable to the non-moving party." *Id.*

The requirement that facts be construed in the light most favorable to the Plaintiff, however, does not mean that the court must find a factual dispute where record evidence contradicts Plaintiff's wholly unsupported allegations. After a moving party has carried its initial burden of showing that no genuine issues of material fact remain in dispute, the

burden shifts to the non-moving party to present specific facts demonstrating a genuine issue for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986). "The 'mere possibility' of a factual dispute is not enough." *Mitchell v. Toledo Hosp.,* 964 F.2d 577, 582 (6th Cir.1992) (citing *Gregg v. Allen-Bradley Co.,* 801 F.2d 859, 863 (6th Cir.1986)). In order to defeat the motion for summary judgment, the non-moving party must present probative evidence that supports its complaint. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249-50, 106 S.Ct. 2505 (1986). The non-moving party's evidence "is to be believed, and all *justifiable* inferences are to be drawn in his favor." *Id.* at 255 (emphasis added). The court determines whether the evidence requires submission to a jury or whether one party must prevail as a matter of law because the issue is so one-sided. *Id.* at 251-52.

Although reasonable inferences must be drawn in favor of the opposing party, *see Matsushita,* 475 U.S. at 587, 106 S.Ct. at 1356, inferences are not to be drawn out of thin air. To demonstrate a genuine issue, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts .... Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'"*Matsushita,* 475 U.S. at 587, 106 S.Ct. 1356 (citation omitted).

### B. Defendant Young's Motion

Defendant Young argues that there is "no credible evidence to support inmate Mumin Israfil's claim that correctional officer (CO) Jennifer Young used force against him, let alone excessive force," and that the "evidence in this case is so one-sided, that no reasonable jury could find in favor of inmate Israfil." (Doc. 234 at 2). Defendant concludes

that, "[e]xcept for the unsubstantiated allegations of inmate Israfil, there is no evidence that supports Israfil's claims." (Doc. 234 at 7).

Much of Defendant's argument would require this Court to ignore Plaintiff Israfil's sworn deposition testimony -testimony that Plaintiff specifically points to in response to Defendant's motion. Plaintiff's testimony contradicts the Defendant's version of facts in key areas. Contrary to Defendant's argument, the assessment of Plaintiff's credibility is reserved to the jury and cannot be made by this Court. Nevertheless, I conclude that, even accepting Plaintiff's version of facts as true, the force alleged to have been used by Defendant Young was so *de minimis* that it cannot support an Eighth Amendment claim. In other words, despite my disagreement with Defendant Young's position that the Court should disregard Plaintiff's testimony as not worthy of belief, I agree with Defendant Young that - even considering that testimony- she did not violate Plaintiff's Eighth Amendment rights. Because the retaliation claim is entirely derivative of Plaintiff's Eighth Amendment claim against her, she is also entitled to summary judgment on that claim.

The undisputed facts reflect that at approximately 7 p.m. on May 15, 2009, Defendant Young was assigned to work in the Food Services area at WCI. Plaintiff also was assigned to work in the area. Defendant Young reports that she observed Plaintiff masturbating in a nearby bathroom, conduct that was subject to discipline.[2] Defendant avers that she instructed Plaintiff to proceed to the front part of the Food Services area, and told him to turn around to be handcuffed. There is no dispute that Plaintiff did not

---

[2] Though not material to Plaintiff's claims, Plaintiff previously testified that he was not masturbating, but admitted that he was convicted of a disciplinary offense relating to that behavior. (Doc. 173 at 14, Deposition at 52).

resist walking to the front part of the Food Services area, nor did he resist being handcuffed by Defendant. However, the parties' accounts as to what happened next differ in a material way.

Defendant avers that after Plaintiff was handcuffed, "he took a few steps and threw himself on the floor...refused to stand up, and claimed he could not walk." (Doc. 236-1, Declaration of Jennifer Young, ¶¶9, 10). The declaration of another correctional officer supports Defendant's version, although that officer characterizes Plaintiff as falling (rather than throwing himself) to the ground. (Doc. 236-2, Applegate Declaration, ¶ 8).

In contrast to Defendant's version of events, Plaintiff testified that he "made a noise like 'ugh' because she [Defendant Young] put my arms behind my back, and how she did it, it was painful to me because I had the injury to my back. And she said, 'You want to say that hurts?' And she lifted my arms up and made me fall over face forward." (Doc. 173 at 13, Deposition at 46). Plaintiff testified that after her actions caused Plaintiff to fall to the floor, Defendant verbally berated Plaintiff until other officers appeared and put him on a stretcher. (Doc. 173 at 13, Deposition at 47). Plaintiff's testimony suggests that unidentified male correctional officers subsequently transported him on the stretcher. In his response in opposition to summary judgment, consistent with his deposition testimony, Plaintiff also refers to Defendant Young's conduct as limited to her actions in causing him to fall, followed by her verbal abuse while he was on the ground awaiting a stretcher. However, to the extent that Plaintiff's complaint might be construed as alleging that Defendant Young was involved in his subsequent transportation for medical evaluation, there is no dispute that multiple examinations by a nurse revealed no objective evidence of injury. (Doc. 236-3, Cain Declaration, ¶¶7, 9, 12).

The analysis set forth in the undersigned's last R&R, denying summary judgment on Plaintiff's excessive force and retaliation claims against Defendant Sexton,[3] is equally applicable to the claims against Defendant Young, albeit with a different conclusion:

> In response to Defendants' motion, Plaintiff has submitted copies of grievances, as well as an unofficial copy of his deposition, wherein he details alleged assaults that occurred in May and June 2009, purportedly in retaliation for his persistent requests for medical attention and prior grievances concerning related issues. In fact, Defendant Sexton is not seeking summary judgment on the merits of Plaintiff's excessive force claim against him or the John Doe Defendants. Although this Court has determined that Plaintiff had no obvious medical need for a wheelchair, such that his refusal to walk to the bus for transport to medical appointments may have been a disciplinary issue rather than a medical one, that would not necessarily have permitted the retaliatory exercise of force that Plaintiff alleges he endured.
>
> The Supreme Court has clarified that it is unnecessary for an inmate to prove that he suffered from any significant injury requiring medical attention in order to support an Eighth Amendment claim involving cruel and unusual punishment, *see Wilkins v. Gaddy*, 130 S. Ct. 1175, 1178 (2010). Certainly, the extent of injury is one factor to be considered in determining whether the assertion of force "'could plausibly have been thought necessary' in a particular situation." *Id., quoting Whitley v. Albers*, 475 U.S. 312, 321 (1986). "That is not to say that every malevolent touch by a prison guard gives rise to a federal cause of action." *Hudson v. McMillian*, 503 U.S. 1, 9, 112 S. Ct. 995 (1992). Thus, the Eighth Amendment's "prohibition of 'cruel and unusual' punishments necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind." *Wilkins*, 130 S. Ct at 1178 (quoting *Hudson*, 503 U.S. at 9). At this juncture, however, it remains unclear whether the force exercised by the Defendants was "*de minimis*." *See also Williams v. Curtin*, 631 F.3d 380 (6th Cir. 2011).

(Doc. 199 at 30-31). Unlike this Court's analysis of the record concerning Defendant

---

[3] Unlike Defendant Young, Defendant Sexton did not initially seek summary judgment on the merits of Plaintiff's excessive force claim against him. (Doc. 199 at 30). Although Defendant Sexton later moved for leave to file an additional motion for summary judgment on that claim, the undersigned denied that motion. In denying leave to file a second motion, the Court noted that the dispositive motion deadline had expired more than fourteen months previously, that Defendant had arguably waived additional defenses for purposes of summary judgment, and that Defendant Sexton failed to offer any "good cause" for the filing of a second motion. (Doc. 229).

Sexton, Plaintiff's own testimony concerning the force alleged to have been used by Defendant Young in May of 2009 makes clear that it was "*de minimis*." Plaintiff alleges only that Defendant "lifted [Plaintiff's] arms up" while Plaintiff was handcuffed, an action that Plaintiff alleges resulted in his fall to the ground. Plaintiff suffered no injury whatsoever.

Of course, if Defendant's version is to be believed, her conduct was both exemplary and commendable. However, even if Defendant Young acted with ill intent by lifting Plaintiff's arms at a time he was handcuffed and compliant with her commands, causing Plaintiff to lose his balance and fall, I conclude that her alleged action - while unprofessional, reprehensible, and uncivil - simply was not so "repugnant to the conscience of mankind" that it can support a claim of "cruel and unusual punishment" in violation of the Eighth Amendment. Similarly, while it does not appear that Plaintiff alleges any involvement by Defendant Young in his subsequent transportation to the medical department, any such allegations involving Defendant Young would not, as a matter of law, rise to the level required to support an Eighth Amendment claim. Because the retaliation claim against Defendant Young rests upon the alleged Eighth Amendment violation, Defendant also is entitled to summary judgment on that claim.

### III. Conclusion and Recommendation

Accordingly, **IT IS RECOMMENDED THAT**:

Defendant Young's motion for summary judgment (Doc. 234) be **GRANTED** for the reasons stated herein.

 *s/ Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

MUMIN ISRAFIL,

    Plaintiff,

v.

BARBARA WOODS, et al.,

    Defendant.

Case No. 1:09-cv-468

Spiegel, J.
Bowman, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).