UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION


MUMIN ISRAFIL,                          :
                                        :   NO. 1:09-CV-00468
          Plaintiff,                    :
                                        :
                                        :
     v.                                 :   OPINION AND ORDER
                                        :
                                        :
BARBARA WOODS, et. al.,                 :
                                        :
          Defendants.                   :


     This matter is before the Court on "Plaintiff's Rule 59(e)
Motion to Alter or Amend 6/12/12 Filed Judgement [sic] (Doc # 224)"
(doc. 227) and Defendants' response in opposition (doc. 230).  The
background of this case is well-detailed in the multiple filings in
this matter.  In brief, on June 12, 2012, this Court adopted and
affirmed  the Magistrate Judge's Report and Recommendation of
December 7, 2011.  That ruling granted summary judgment in part and
denied it in part to Defendants, including the Doe Defendants, which
left alive only Plaintiff's First Amendment retaliation and Eighth
Amendment excessive force claims against Defendant Sexton in his
individual capacity (doc. 224). In addition, the Court acknowledged
that, due to delays in service, all claims against Defendant Young
remained pending (Id.).  Also in that Opinion, the Court  denied
Plaintiff's objections to the Court's review and consideration of

1

Dr. Miller's opinion (<u>Id.</u>).

Plaintiff now asks the Court is alter or amend its judgment by not dismissing the claims against the Doe Defendants; by applying the <u>Daubert</u> test to Dr. Miller's testimony; to include a certificate of appealability; to include a "finding of fact and conclusion of law to include the particular and specific written 19 objections" he filed to the Magistrate Judge's report and recommendation and to include a finding of fact and law on Plaintiff's assertion that Defendants Coulter and Woods' defense is pretextual and by applying a <u>de novo</u> standard (doc. 227).

Federal Rule of Civil Procedure 59(e) provides that a party may file a motion to alter or amend a judgment no later than 28 days after the entry of the judgment. Fed. R. Civ. P. 59(e). Rule 59(e) motions allow district courts to correct their own errors, "sparing the parties and appellate courts the burden of unnecessary appellate proceedings." <u>Howard v. United States</u>, 533 F.3d 472, 475 (6th Cir. 2008). The decision of whether to grant relief under Rule 59(e) is left to the district court's sound discretion. <u>In re Ford Motor Co. Securities Litigation, Class Action</u>, 381 F .3d 563, 573 (6th Cir. 2004). Such a motion will generally be granted only if the district court made a clear error of law, if there is an intervening change in the controlling law, or if granting the  motion will prevent manifest injustice. <u>GenCorp, Inc. v. Am. Int'l Underwriters</u>, 178

F.3d 804, 834 (6th Cir. 1999). A Rule 59(e) motion is not properly used as a vehicle to re-hash old arguments or to advance positions that could have been argued earlier, but were not. <u>Sault Ste. Marie Tribe of Indian Tribes v. Engler</u>, 146 F.3d 367, 374 (6th Cir. 1998). Once a timely motion has been filed under this Rule, the district court has the discretion to reconsider any part of its final opinion and judgment, not only those sought to be corrected by the moving party. <u>EEOC v. United Ass'n of Journeyman & Apprentices</u>, 235 F.3d 244, 250 (6th Cir. 2000).

Having thoroughly reviewed the record in this matter, the Court finds that amending or altering its earlier decision is not warranted. Plaintiff has not shown that the Court committed a clear error in law or that there has been a change in the controlling law. And, as demonstrated by the fact that Plaintiff filed a notice of appeal of the Court's June 12, 2012 opinion, Plaintiff is fully capable of appealing the Court's decision, so granting Plaintiff's motion is not necessary to prevent manifest injustice, and no certificate of appealability is needed. In his motion, he essentially requests that the Court reconsider its ruling and find for him based on the same arguments he set forth in his filing before the Magistrate Judge. While that is an understandable request from his perspective, it is neither legally mandated nor supported by the record. Contrary to Plaintiff's accusation, the Court did conduct

3

a de novo review of the record in light of the objections set forth by Plaintiff.  Unfortunately for Plaintiff, the Court reached the same conclusions reached by the Magistrate Judge.  The Court set forth its reasons for its decisions in its June 12, 2012 Opinion and will not reitera te those reasons here.  Plaintiff's motion to reconsider is DENIED (doc. 227).

Currently pending before the Court are a Motion for Summary Judgment filed by Defendant Young (doc. 234); a Motion for Relief from  Judgment f iled  by Plainti ff  (doc. 238);  a Report and Recommendation by the Magistrate Judge recommending that Defendant Young's motion be granted (doc. 241); Plaintiff's objections to that Report and Recommendation (doc. 246); Plaintiff's objection to the Magistrate Judge's order denying his request for the appointment of counsel (doc. 247); and Plaintiff's second motion for the appointment of counsel (doc. 248).  As noted above, Plaintiff appealed the Court's opinion of June 12, 2012.  The Court of Appeals could not take jurisdiction of the matter because of the pending motion to reconsider.  Fed. R. App. P. 4(a)(4)(A)(iv).  The Court's decision here denying Plaintiff's motion to reconsider resolves that issue, and jurisdiction over this case now rests in the Court of Appeals. See, e.g., O'Sullivan Corp. v. Duro-Last, Inc., 7 Fed.Appx. 509, 519 (6th Cir. 2001)("A notice filed before the filing of [a motion to alter or amend the judgment under Rule 59]…is, in effect, suspended

until the motion is disposed of, whereupon, the previously filed notice effectively places jurisdiction in the court of appeals."). Being without jurisdiction to entertain the pending motions noted above, the Court holds them in abeyance until the Court of Appeals resolves Plaintiff's appeal (docs. 234, 238, 241, 246, 247 & 248).


    SO ORDERED.

Dated:  January 17, 2013  s/ S. Arthur Spiegel
                          S. Arthur Spiegel
                          United States Senior District Judge