UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| MUMIN ISRAFIL, | : | Case No. 1:09-cv-468 |
| Plaintiff, | : | Judge Timothy S. Black |
| v. | : | |
| BARBARA WOODS, *et al.*, | : | |
| Defendants. | : | |

**ORDER DISMISSING THIS CASE WITH PREJUDICE**

This civil action is before the Court on Plaintiff's Notice to Court and Parties to Withdraw this Lawsuit (Doc. 292), Defendant Sexton's memorandum in opposition (Doc. 293), the Court's November 19, 2015 show cause Order (Doc. 294), and Plaintiff's response to the show cause Order (Doc. 295).

**I.  BACKGROUND**

Plaintiff filed this action on July 7, 2009.[1]  After extensive motion practice, numerous discovery disputes, and multiple appeals to the Sixth Circuit, the sole claims remaining for adjudication are Plaintiff's § 1983 claims for assault and retaliation against Defendant Sexton.

Defendant Sexton's motion for summary judgment, filed on August 27, 2015, is currently pending before the Court.  (Doc. 288).  Plaintiff's motions to reopen discovery

---

[1] Plaintiff's Amended Complaint naming Captain Kenneth Sexton as a Defendant was filed on March 25, 2010.  (Doc. 42).

and for a forty-five (45) day extension of time to respond to Defendant's motion for summary judgment are also currently pending before the Court. (Docs. 286, 291).

On October 22, 2015, Plaintiff filed a Notice to Court and Parties to Withdraw this Lawsuit. (Doc. 292). Plaintiff's Notice sets forth his reasons for "withdrawing" his lawsuit. Among his reasons, Plaintiff claimed that several requests for discovery were denied and that his motions to compel discovery were denied. Plaintiff further stated that he has been blamed for delay in the case while his delays were minimal as compared to those of the Defendants. Plaintiff also took issue with the quality and admissibility of certain evidence put before the Court throughout the litigation. Further, Plaintiff claimed that he was never satisfied with the representation he was afforded when he was appointed counsel. Plaintiff concluded that he does not have "the time and resources to argue a case that only a deviant mind would fail to see that there is no way I will receive a fair and unbiased shake. Therefore, I withdraw."

The Court construed Plaintiff's Notice as a motion to dismiss pursuant to Fed. R. Civ. P. 41(a)(2). Defendant Sexton opposed Plaintiff's motion to dismiss to the extent that Plaintiff sought dismissal without prejudice, arguing instead that any dismissal of this action should be with prejudice. (Doc. 293).

The Court agreed that a dismissal without prejudice would subject Defendant Sexton to plain legal prejudice, and that a dismissal *with* prejudice is warranted. Accordingly, on November 19, 2015, the Court entered an Order denying Plaintiff's motion to dismiss without prejudice and directing Plaintiff to show cause in writing why

this action should not be dismissed *with* prejudice. (Doc. 294). The Court also stated that alternatively, Plaintiff could withdraw his request for voluntary dismissal. (*Id.*).

Plaintiff responded to the show cause Order on December 3, 2015. (Doc. 295). Plaintiff objects to the dismissal of this action with prejudice. Plaintiff contends that there is no evidence to support a finding that Defendant Sexton spent a substantial amount of time, energy and expense defending this litigation. Plaintiff also argues that he did not delay in moving to voluntarily dismiss his case because, prior to Defendant Sexton's currently pending summary judgment motion, Plaintiff was preparing for trial. Further, Plaintiff argues that he has witnesses who will testify on his behalf in court. Finally, Plaintiff concludes that these "proceedings and findings are biased" against him.

**II.    ANALYSIS**

A district court may dismiss a complaint with prejudice in response to a motion to dismiss without prejudice brought pursuant to Fed. R. Civ. P. 41(a)(2). *U.S. v. One Tract of Real Property Together With All Buildings, Improvements, Appurtenances, and Fixtures*, 95 F.3d 422, 425 (6th Cir. 1966). In taking such an action, the district court must give the plaintiff notice of its intention to dismiss with prejudice, an opportunity to be heard in opposition to dismissal with prejudice, and an opportunity to withdraw the request for voluntary dismissal and proceed with the litigation. *Id.*

The Court's November 19, 2015 show cause Order clearly notified Plaintiff that the Court intended to dismiss this action with prejudice, stating in detail the Court's reasoning for finding that a dismissal with prejudice is warranted. The Court afforded Plaintiff an opportunity to be heard in opposition to dismissal with prejudice. Likewise,

the show cause Order expressly gave Plaintiff the option to withdraw his motion for voluntary dismissal and proceed with the litigation. (Doc. 294) ("Alternatively, Plaintiff may withdraw his request for voluntary dismissal within 14 days of the filing date of this Order.")

Rather than withdrawing his motion for voluntary dismissal and proceeding with the litigation, Plaintiff responded to the Court's Order, objecting to a dismissal of the action with prejudice. Plaintiff's response is unavailing, however, and fails to demonstrate why this action should not be dismissed with prejudice.

The primary purpose of Rule 41(a)(2)'s requirement of court approval is to protect the nonmovant from unfair treatment in the form of "plain legal prejudice". *Luckey v. Butler County*, No. 1:05-cv-388, 2006 WL 91592, at *2 (S.D. Ohio Jan. 13, 2006) (citing *Grover by Grover v. Eli Lilly & Co.*, 33 F.3d 716, 718 (6th Cir. 1994)). In determining whether a defendant would incur legal prejudice if the plaintiff is permitted to dismiss his claims without prejudice, the Court considers the following factors: (1) the effort and expense a defendant has undertaken; (2) excessive delay on the part of a plaintiff; (3) insufficient explanation for the need to seek a dismissal; and (4) whether a motion for summary judgment has been filed. *Grover*, 33 F.3d at 718. Although these factors serve as a guide for the court, they are not an "exclusive or mandatory list," and the court need not analyze each factor or limit its consideration to these factors alone. *Rosenthal v. Bridgestone/Firestone, Inc.*, 217 F. App'x 498, 500 (6th Cir. 2007).

The Court previously discussed these factors at length in its November 19, 2015 Order. As discussed therein, an analysis of these factors supports dismissal of this action

with prejudice.  Plaintiff's response to the show cause Order does not demonstrate otherwise.

First, Plaintiff's conclusion that there "is no evidence" to support a finding that Defendant Sexton expended substantial amounts of time, energy and personal expense defending this case is without merit.  Defendant Sexton has been a defendant in this action for over five and a half years.  Defendant has put forth considerable time, effort and expense in preparing motions for summary judgment, and Plaintiff waited until this case was ripe for decision to file the motion to withdraw/dismiss.  The unfairness to Defendant Sexton in the event Plaintiff would be permitted to once again start this whole process all over is manifest.  *Vanderpool v. Edmondson*, No. 1:01-CV-147, 2003 WL 23721333, at *1 (E.D. Tenn. Dec. 2, 2003) (denying voluntary dismissal without prejudice where the case had been pending for over two years and "defendants [had] invested substantial time, effort, and expense in preparing for trial").

Second, despite his conclusory assertions otherwise, Plaintiff has contributed to excessive delay in this action.  A review of the docket reveals countless requests for extensions.  (*See, e.g.,* Docs. 35, 87, 100, 123, 145, 170, 204, 210, 216, 243, 256, 265, 291).  Plaintiff has also engaged in a pattern of filing such a large number of pretrial motions that the Court previously warned him that the continued filings would likely cause further delays.  (Doc. 139 at 10) (noting that the Court had twenty pending motions ripe for resolution, and stating "the court is compelled to forewarn Plaintiff that the filing of a large number of pretrial motions is likely to cause further delays in proceeding to the merits of this dispute.").  (*See also* Doc. 264 at 5) ("to state that Plaintiff has engaged in

5

an active motion practice would be an understatement."). As the Court has also previously noted, "[t]he record reflects numerous discovery disputes, the vast majority of which have been resolved against Plaintiff." (Doc. 264 at 5). Plaintiff has further caused delay by appealing decisions of this Court, only for those appeals to be dismissed by the Sixth Circuit for want of prosecution (Doc. 197).[2]

Furthermore, Plaintiff significantly delayed in moving to voluntarily dismiss this action until it had been pending for six years, and Defendant Sexton's summary judgment motion had already been pending for two months. Plaintiff contends that he did not delay in moving to voluntarily dismiss his case because, prior to the filing of Defendant Sexton's summary judgment motion, Plaintiff was preparing for trial. Plaintiff's argument, however, only supports a dismissal with prejudice, as it implies that he seeks to dismiss this action in an effort solely to avoid responding to the pending summary judgment motion.

Third, Plaintiff's explanation for the need to dismiss this action at this point in time is insufficient. Plaintiff reports not having the time and resources to further prosecute his claims, speculates that he will not receive "a fair and unbiased shake," and asserts that "these proceedings and findings are biased" against him (Doc. 292 at 5; Doc. 295 at 3). Plaintiff's conclusions are not supported by the record and amount to nothing more than a recitation of his dissatisfaction with how this case has progressed to date.

---

[2] Although two other appeals to the Sixth Circuit were also originally dismissed for want of prosecution, those appeals were subsequently reinstated. (See Docs. 262, 266, 280, 282).

Fourth, Defendant Sexton filed his motion for summary judgment on August 27, 2015, and Plaintiff had been in possession of it for almost two months before filing his motion to dismiss. To permit a dismissal in this case without prejudice, and leaving open the possibility that Plaintiff could subsequently re-file this action, would provide Plaintiff with an unfair advantage in the event he should decide to bring these claims again. *Jackson v. Mich. Dep't of Corr.*, No. 1:12-cv-433, 2013 WL 594493, at *1 (W.D. Mich. Feb. 14, 2013) (concluding that plaintiff, in possession of the defendant's motion for summary judgment for more than a month before his motion to voluntarily dismiss was seeking "to reset the litigation in order to take a second bite at the apple"); *see also Palazzolo v. Mann*, No. 09-10043, 2010 WL 582776, at *2 (E.D. Mich. Feb. 18, 2010) (dismissing case with prejudice after it had proceeded for more than a year and defendants had filed three dispositive motions); *Jones v. Lemke*, No. 97-2350, 1999 WL 107984, at *2 (6th Cir. Feb. 9, 1999) (affirming district court's dismissal of action with prejudice where plaintiff delayed motion to dismiss until motion for summary judgment had been filed, and explanation for need for dismissal was clearly insufficient).

Thus, the Court finds that dismissal of this action with prejudice is appropriate.

### III.   CONCLUSION

Accordingly, for the foregoing reasons, Plaintiff's motion to dismiss is **GRANTED** and this action is **DISMISSED** with prejudice. The Clerk shall enter judgment accordingly, whereupon this civil action is **TERMINATED** in this Court.

**IT IS SO ORDERED**.

Date:  1/6/16                                                             *s/ Timothy S. Black*
                                                                                    Timothy S. Black
                                                                                    United States District Judge